# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00406-LTB-NYW

DANIEL P. KAUFMAN,

    Plaintiff,

v.

UNIVERSITY OF COLORADO AT BOULDER, through its Board, the Regents of the University of Colorado,
DR. ANDREW COWELL, in his Individual Capacity, and
BRONSON HILLIARD, in his Individual Capacity,

    Defendants.

---

## ORDER DENYING INDIVIDUAL DEFENDANTS' MOTION TO STAY

Magistrate Judge Nina Y. Wang

    This action is before the court on the Joint Motion to Stay Discovery ("Individual Defendants' Motion to Stay") [#34] filed by the individual Defendants Dr. Andrew Cowell ("Defendant Cowell" or "Dr. Cowell") and Bronson Hilliard ("Defendant Hilliard" or "Mr. Hilliard")[1] on June 3, 2015. The Individual Defendants' Motion to Stay was referred to the undersigned Magistrate Judge for disposition pursuant to the Order of Reference dated April 24, 2015 [#20] and the memorandum dated June 4, 2015 [#35]. Having reviewed the Parties' briefs, entertained argument on August 6, 2015, and considered the applicable law, the court DENIES the Individual Defendants' Motion to Stay.

---

[1] Since the filing of the Motion, Plaintiff dismissed claims against two additional Defendants, Dr. Russell Moore and Dr. Steven Leigh, who had also moved for a stay on the basis of qualified immunity. [#46].

## DISCUSSION

This case arises from the employment relationship between Plaintiff Daniel P. Kaufman ("Plaintiff" or "Dr. Kaufman") and Defendant University of Colorado at Boulder ("CU-Boulder"), at which Plaintiff serves as a tenured Associate Professor of Philosophy. In his Second Amended Complaint and Jury Demand, Dr. Kaufman alleges (and the court takes as true for the purposes of considering this instant motion) that he suffers from major depressive disorder and severe anxiety since 2006. [#46 at ¶ 2]. In 2012, he requested reasonable accommodation for his disability, which included limiting his teaching duties to two days per week in addition to his other duties. [*Id.*] In 2013, after concerns regarding systemic gender discrimination and/or sexual harassment were raised, the former Chair of CU-Boulder's Philosophy Department, Graeme Forbes, identified Dr. Kaufman as a problem employee to Dr. Cowell, who had assumed the position of Interim Chair of the Philosophy Department. [*Id.* at ¶ 3]. Dr. Cowell then met with Dr. Kaufman, at which time Dr. Cowell inquired as to Dr. Kaufman's disability. [*Id.* at ¶ 4]. It is undisputed that during that meeting, Dr. Kaufman remarked that he would not kill anyone unless they were "truly evil" or had "Hitler's soul." [*Id.*] It is highly contested between the Parties whether such comment warranted the subsequent actions by the part of Defendant CU-Boulder.

Dr. Kaufman was subsequently excluded from the campus, which was reported by the Boulder Daily Camera. [*Id.* at ¶ 6]. Mr. Hilliard, with input from Defendant Cowell, was responsible for the press release that led to media coverage. [*Id.* at ¶ 7]. As a result of his treatment, Dr. Kaufman filed repeated Notices of Claim pursuant to the Colorado Governmental Immunity Act in which he accused Defendants CU-Boulder, Cowell, and Hilliard of disability

discrimination. [*Id.* at ¶ 6]. In the Second Amended Complaint, Plaintiff asserts the following claims for relief: (1) disability discrimination in violation of the federal Rehabilitation Act against Defendant CU-Boulder; (2) unlawful retaliation in violation of the Rehabilitation Act against Defendant CU-Boulder; (3) violation of his "due process liberty" pursuant to 42 U.S.C. § 1983 against Defendants Cowell and Hilliard; (4) state law claims for outrageous conduct and intentional infliction of emotional distress against Defendants Cowell and Hilliard; and (5) defamation *per quod* against Defendant Hilliard. [#46].

Defendants Hilliard and Cowell subsequently moved for the dismissal of all claims against them. [#51, # 55]. However, in considering their respective motions, qualified immunity can only apply to the third claim for relief – *i.e.*, the violation of "due process liberty" pursuant to 42 U.S.C. § 1983. [#51 at 8-10; #55 at 6-9]. Otherwise, dismissal of the state law claims is argued based on Plaintiff's purported failure to state a claim. [#51 at 11-15; # 55 at 9-13]. CU-Boulder also moved to dismiss the claims against it, based on failure to state a cognizable claim. [#52].

In the Individual Defendants' Motion to Stay, the Individual Defendants argue that the court should stay this action because they are entitled to a stay once they assert qualified immunity. [#34]. They also argue that "[i]t will be unduly burdensome on the Individual Defendants to require their continued participation in the discovery process unless or until the Court has ruled upon the immunity issues raised in the Motions to Dismiss." [*Id.* at ¶ 15]. CU-Boulder did not file a Motion to Stay, nor did it join the Individual Defendants' Motion to Stay, but made an oral motion at the August 8 hearing that all discovery should be stayed pending the determination of the respective Motions to Dismiss.

3

This court disagrees with the Individual Defendants' position. Qualified immunity, at most, affects one of the claims asserted against Defendants Cowell and Hilliard, and as counsel conceded at argument, does not apply to CU-Boulder at all. It is well settled in this District that the invocation of qualified immunity is not a bar to all discovery, and there is no other identified basis for any stay with respect to CU-Boulder.. *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2002). In addition, even if the Individual Defendants prevail on a qualified immunity defense, there is no guarantee that Defendants will prevail on their respective arguments that Plaintiff has failed to plead sufficient facts to survive a dismissal pursuant to Rule 12(b)(6) on his claims arising under the Rehabilitation Act or state law. Because the claims share a common core of facts, the court agrees with Defendants that there appears no effective way of staying discovery with respect to the section 1983 claim and permitting discovery to move forward on the other claims. But contrary to Defendants' arguments that all discovery should therefore be stayed, the court is not convinced that Defendants have made the requisite showing that this court should depart from the District's general disfavor of a stay of all discovery. *See String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 1:02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). A party's generalized statements regarding burden are insufficient to warrant a stay of discovery. *See United Financial Cas. Co. v. Lapp*, Civil Action No. 12-cv-00432-MSK-MEH, 2012 WL 2450217, at *2 (D. Colo. June 26, 2012). And while this court understands that discovery may burden the individuals involved in this action and distract from their core professional responsibilities, such is always the case for witnesses in civil litigation. Defendants have established no particularized facts that demonstrate there will be a clearly defined and serious harm associated with moving forward with discovery. *Id.*; *Chavez v. Young Am. Ins. Co.*,

Civil Action No. 06–cv–02419–PSF–BNB, 2007 WL 683973 (D. Colo. Mar. 2, 2007) (denying a stipulated motion to stay pending a motion to dismiss pursuant to Rule 12(b)(6)).  Finally, staying discovery pending Defendants' respective Motions to Dismiss could substantially lengthen the duration of this case, filed in February 2015, based on actions that occurred as early as 2013.

## CONCLUSION

Therefore, based on the reasons set forth in this Order, IT IS ORDERED that:

(1) The Individual Defendants' Joint Motion to Stay Discovery is DENIED.

DATED August 12, 2015                    BY THE COURT:


                                         s/ Nina Y. Wang
                                         Nina Y. Wang
                                         United States Magistrate Judge